STEAM-GAUGE & LANTERN Co. and another *v.* FOLLETT LANTERN & MANUF'G. Co.[1]

*(Circuit Court, N. D. New York.* June 11, 1886.)

PATENTS FOR INVENTIONS—INFRINGEMENT—TUBULAR LANTERNS.
 Letters patent No. 104,318, of June 14, 1870, and No. 151,703, of June 9, 1874, to John H. Irwin, sustained, and defendants *held* to have infringed the first claim of the former, and the second claim of the latter.

*Edwin S. Jenny,* for complainant.
*Albert H. Harris,* for defendant.

COXE, J. It is unnecessary to add anything to the views expressed upon the argument, further than to say that I have examined with care the two patents to which my attention was particularly called, granted, respectively, to Holden and Giajola. I see no reason to alter the opinion then intimated. It is suggested that these patents were not fully considered by the court in *Steam-gauge & Lantern Co.* v. *Miller,* 21 Fed. Rep. 514. Even though this were so, it is not easy to see, as an original proposition, how a construction can be given them favorable to the defendant's theory. But it is entirely clear that the court in that case did give due consideration to all limiting

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

and anticipating references.   The following quotation will serve as
an illustration:

"Previous structures had supply tubes, which returned vitiated air to the
burner, or which furnished fresh air from protected chambers, or which furnished whatever fresh air would enter through an open funnel or bell mouth;
but no previous structure furnished fresh air by the aid of injectors, which
compelled air, which would otherwise strike the lantern in such a direction
as to exhaust the tubes, to enter the tubes in a continuous and irreversible
current."

The open funnel or bell-mouthed structure here mentioned unquestionably refers to the Holden device.   It is safe to assume, from the
character of the counsel who argued that cause, and the judge who
decided it, that nothing was overlooked or slighted.

The defendant infringes the first claim of No. 104,318, and the
second claim of No. 151,703.

The complainant, as to these claims, is entitled to the usual decree
for an injunction and an accounting.